_Conner, J_

# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERTRUDE NEUMARK ROTHSCHILD,

Plaintiff,

v.

CREE, INC.,

Defendant.

---

ECF CASE

No. 05 CIV. 5939 ( WCC )

## STIPULATION AND INTERIM CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED by the undersigned and

ORDERED by the Court:

1.     This Stipulation and Order shall govern the handling of all documents

(whether in writing, in any electronic form, or otherwise), testimony and other

information, or the substance thereof in any form, including but not limited to all copies,

excerpts, extracts and summaries thereof produced, given or filed during discovery and

other proceedings in the above-captioned action, and designated "Confidential" or

"Highly Confidential" as set forth below.

2.     Any party or other person or entity agreeing to be bound hereby (including

non-parties) producing or disclosing information or material may designate as

"Confidential" or "Highly Confidential" any portions of any information or material,

subject to paragraphs 4 and 5 below.

3.     The parties' counsel and any other person or entity obtaining information

or material designated "Confidential" or "Highly Confidential" shall (a) maintain such

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

information and material as "Confidential" or "Highly Confidential," as the case may be, in accordance with this Stipulation and Order, (b) shall not disclose such information or material to any person, entity, organization or agency except as expressly provided below, and (c) shall use such information or material solely for the purpose of preparing for and conducting the above-captioned action. Neither information or material designated "Confidential" or "Highly Confidential," nor the contents thereof, shall be used for any other purpose or disclosed to any persons other than those authorized herein.

4.A    Any person or entity (the "Producing Party") producing information or material in discovery in this action ("Produced Material"), may designate as "Confidential," pursuant to this Stipulation and Order any Produced Material that the Producing Party in good faith considers:

(a)    to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7);

(b)    to contain or reflect information of a highly sensitive nature, including, but not limited to information concerning future market plans or market direction or any material required by law or agreement to be kept confidential; or

(c)    to contain or reflect information that is not publicly available.

4.B.   Produced Material designated "Confidential" shall not, without the consent of the Producing Party or further Order of the Court, be disclosed to anyone other than:

(a)    Attorneys of Record for a party in the above-captioned action, and Gertrude Neumark;

(b)(1)  Persons regularly members of, employed by or associated with the law firms retained by a party, or lawyers or paralegals engaged in whole or in part to assist the law firms of record, when the assistance of such persons is required by said attorneys in the preparation for or trial of the above-captioned action;

(b)(2)  Jury consultants, mock jurors, and/or vendors retained by or for the parties for copying or other document processing services, including preparing document databases and audiovisual aids, e.g., exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation, and who agree to maintain the confidentiality of the Produced Material;

(c)  Expert witnesses and consultants retained in connection with the above-captioned action for the preparation for trial or trial of the action, but only after such persons have executed the Confidentiality Agreement contained at Exhibit A;

(d)  Up to two regular employees of a party, and up to two members of each party's in-house legal department in connection with the trial or preparation for trial of the above-captioned action and only after such persons have executed the Confidentiality Agreement attached hereto as Exhibit A;

(e)  The Court (including court reporters, stenographic reporters and court personnel). Disclosure of any "Confidential" Produced Material at trial or in any other proceeding herein shall be made in camera unless the Court orders otherwise or the parties otherwise agree. In the event that "Confidential" Produced Material is used in any court proceeding in this action, it shall not lose its confidential status through such use,

and the party using such Produced Material shall take steps reasonably available to protect its confidentiality during such use;

(f)     Any person or persons who have prepared the particular documents produced, or who were involved in the subject matter reported or described in the particular documents;

(g)     Any person or persons to whom copies of any documents were addressed or delivered, or who were involved in the subject matter reported or described in the particular documents; or

(h)     Others as to whom the Producing Party has given written consent.

5.     A Producing Party may designate as "Highly Confidential" any Produced Material that the Producing Party in good faith believes contains or constitutes trade secrets, proprietary data and/or commercial or financial or personal information that the Producing Party has maintained in confidence and that the Producing Party reasonably believes requires the special handling set forth in this Order. As noted above, a Producing Party may be a non-party to this action. Accordingly, for example, Nichia and its affiliated entities may designate any agreement(s) with either party to this action, or any document related to such agreement(s), as "Highly Confidential." Produced Material designated "Highly Confidential" must be maintained and kept at all times in a secure place in the offices of outside counsel for the parties (except as necessary for use in court or at depositions in a manner consistent with this Stipulation and Order). Highly Confidential Produced Material shall not, without the consent of the Producing Party or further Order of the Court, be disclosed to anyone other than:

(a)     Attorneys of Record for a party in the above-captioned action;

4

(b)(1)  Persons regularly members of, employed by or associated with the law firms retained by a party, or lawyers or paralegals engaged in whole or in part to assist the law firms of record, when the assistance of such persons is required by said attorneys in the preparation for or trial of the above-captioned action;

(b)(2)  Jury consultants, mock jurors, and/or vendors retained by or for the parties for copying or other document processing services, including preparing document databases and audiovisual aids, e.g., exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation, and who agree to maintain the confidentiality of the Produced Material;

(c)  Expert witnesses and consultants retained in connection with the above-captioned action for the preparation for trial or trial of the action, but only after such persons have executed the Confidentiality Agreement contained at Exhibit A;

(d)  The Court (including court reporters, stenographic reporters and court personnel). Disclosure of any "Highly Confidential" Produced Material at trial or in any other proceeding herein shall be made in camera unless the Court orders otherwise or the parties otherwise agree. However, in the event that "Highly Confidential" Produced Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take steps reasonably available to protect its confidentiality during such use;

(e)    Any person or persons who have prepared the particular documents produced, or who were involved in the subject matter reported or described in the particular documents;

(f)    Any person or persons to whom copies of any documents were addressed or delivered, or who were involved in the subject matter reported or described in the particular documents; or

(g)    Others as to whom the Producing Party has given written consent.

6.    Any person or entity who is to be given access to "Confidential" or "Highly Confidential" Produced Material pursuant to paragraphs 4.B(c) or 5(c) shall read this Stipulation and Order and sign the Confidentiality Agreement attached hereto as **Exhibit A**, indicating that he/she has read this Stipulation and Order  and will abide by its terms.  A copy of the signed Confidentiality Agreement shall be served on opposing counsel and counsel for the Producing Party, along with a resume or curriculum vitae (along with a list of consultancies for the past 4 years) for the person who is to be given the Produced Material, by email and first-class mail at least ten (10) business days prior to the disclosure of the Material.  If an objection is made and served by email and first-class mail within the ten (10) day period, disclosure is not permitted until the matter is resolved by the parties (who shall meet and confer) or the Court.  The objecting party carries the burden to show cause why the material should not be disclosed to such person under the terms of this Order.

7.    Notwithstanding any provision in this Stipulation and Order to the contrary, any individual who has been given access to "Confidential" or "Highly Confidential" Produced Material produced by the plaintiff in this action may, for the

purpose of conducting this litigation and for no other purpose whatsoever, share, discuss, and use such Produced Material with any person or entity who has been given access to such Produced Material in any of the "Neumark Lawsuits" (as that term is defined below) under substantially similar obligations of confidentiality as are provided by this Stipulation and Order. Any "Confidential" or "Highly Confidential" Produced Material produced to the plaintiff in this action may not be used by the plaintiff in any other "Neumark Lawsuit" unless written notice of such intended use is given to the Producing Party within 60 days of receipt of the "Confidential" or "Highly Confidential" Produced Material, and the Producing Party does not object to such use with ten (10) business days of receipt of the written notice. If the Producing Party objects to such intended use, the plaintiff will serve on the Producing Party a subpoena specifically identifying the "Confidential" or "Highly Confidential" Material at issue, and the parties will resolve the objection by formal procedures.

The phrase "Neumark Lawsuits" as used in this paragraph refers to the following lawsuits:

- Gertrude Neumark Rothschild v. Cree, Inc., 05-CV-5939;

- Gertrude Neumark Rothschild v. Lumileds Lighting U.S. LLC et al., 05-CV-5940;

- Gertrude Neumark Rothschild v. OSRAM GmbH, 05-CV-5941;

- Gertrude Neumark Rothschild v. Toyoda Gosei Co., Ltd. et al., 05-CV-5942.

8.     Plaintiff shall not be obligated to produce, and shall be prohibited from producing, any "Confidential" or "Highly Confidential" Produced Material provided to her by one party defendant to any other party defendant in the Neumark Lawsuits except

as provided in paragraph 7. Any defendant seeking documents (a "Requesting Defendant") from another defendant in another Neumark Lawsuit shall seek such documents directly from the other defendant and not from Plaintiff, and shall request such documents in a timely fashion after learning of their existence. The Requesting Defendant shall inform the other defendant which documents it seeks and shall attempt to resolve the issue amicably. After attempting to resolve the issue amicably, the Requesting Defendant shall have the right to subpoena the other defendant for the documents. Within 10 days of requesting documents from another defendant, the Requesting Defendant shall notify Plaintiff which documents the Requesting Defendant is requesting for use in the Requesting Defendant's action. Plaintiff reserves the right to move the Court, under the applicable legal standards, to preclude the use of any Produced Material between defendants that Plaintiff believes prejudices her case, and similarly, the defendant reserves the right to move the Court, under the applicable legal standards, to preclude the use of any Produced Material Plaintiff has obtained in any other Neumark Lawsuit. Further, any party that receives a subpoena from a non-party to this Stipulation and Order, seeking production or other disclosure of any "Confidential" or "Highly Confidential" Produced Material provided to it by another party (a) shall give prompt notice to the party that provided the Produced Material and (b) shall not comply with the non-party subpoena except by Court Order.

9.     The designation or lack of designation of Produced Material by the Producing Party as "Confidential" or "Highly Confidential" does not thereby cause such Produced Material to be confidential, proprietary or trade secret information of that party or otherwise diminish, denude, or deprive the confidential, proprietary or trade secret

status of the Produced Material. Such a designation may not be introduced into evidence as an admission by a party and shall not be admissible in evidence for any other purpose.

10. When any party uses "Confidential" or "Highly Confidential" Produced Material at the deposition of any person, the transcript of that deposition (or, where feasible, the "Confidential" or "Highly Confidential" portion thereof) shall be filed, if at all, under seal, and when used in connection with any motion, hearing or trial, shall be treated as "Confidential" or "Highly Confidential" under, respectively, paragraphs 4 and 5, above.

11. "Confidential" and "Highly Confidential" Produced Material shall be designated as follows:

(a) In the case of documents, designation shall be made prior to production by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page of any such document.

(b) Documents may be produced for inspection prior to their designation as "Confidential" or "Highly Confidential" but shall be designated as "Confidential" or "Highly Confidential," as the case may be, prior to the transmission of a physical copy of the document to the party requesting the document. The contents of such documents shall be treated as "Highly Confidential" during their inspection and in the interim prior to their designation upon production of said physical copy.

(c) In the case of interrogatory answers, designation shall be made by stamping or writing the word "Confidential" or "Highly Confidential," as the case may be, on each page containing such answers.

(d)     In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "Confidential" or "Highly Confidential" Produced Material shall be made either (1) by a statement to such effect on the record during the course of the deposition or (2) within thirty (30) days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Produced Material and "Confidential" or "Highly Confidential" Produced Material, and the reporter shall write or stamp the word "Confidential" or "Highly Confidential," as the case may be, on the cover of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall do so by identifying the page and line numbers corresponding to the portions of testimony the party wishes to designate "Confidential" or "Highly Confidential." Between the date of the deposition and thirty days after the transcript has been received by the parties, the entire transcript is to be treated as if designated "Highly Confidential." If no party has designated any portion of a deposition transcript "Confidential" or "Highly Confidential" thirty days after receipt of the transcript, the entire transcript will be treated as non-confidential. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and in writing, without further Court Order.

(e)     All briefs, pleadings or other filings with the Court which incorporate or disclose "Confidential" or "Highly Confidential" Produced Material shall be appropriately labeled on the cover page and filed under seal.

12.     If any party objects to the designation of any Produced Material as "Confidential" or "Highly Confidential," the party shall so state the objection by letter or, if at deposition, by statement on the record to counsel for the person making the designation. Any such written notice shall identify the Produced Material to which the objection is directed. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the challenged Produced Material cannot be resolved, the party objecting to the designation may file an appropriate motion requesting that the Court rule that the Produced Material should not be subject to the protection invoked. The party claiming confidentiality shall bear the burden of proof that the Produced Material is confidential.

13.     The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action. Upon final termination of this case, counsel for each party may retain a record including the following, irrespective of whether or not "Confidential" or "Highly Confidential" Produced Material of another party or of a third party is included: its correspondence file of this case; its pleadings file (including all briefs, memoranda, affidavits, supporting materials, and all papers served on the party represented and any briefs and appendix on appeal and all legal research and memoranda); and its file of deposition transcripts and accompanying exhibits, and trial transcripts accompanying the exhibits.

14.     Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Stipulation and Order or to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified

herein. Nor do the parties waive any right to seek relief from the Court from any provision of this Stipulation and Order at any time, by order or by stipulation.

15.    Each person to whom "Confidential" or "Highly Confidential" Produced Material is disclosed after executing pursuant to this Stipulation and Order or Exhibit A hereto thereby submits himself or herself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Stipulation and Order.

16.    Nothing in this Stipulation and Order shall prevent any party from disclosing its own information which it has designated "Confidential" or "Highly Confidential," as it deems appropriate and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Stipulation and Order, except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

17A.   The inadvertent production or disclosure of any documents or other information or materials shall not be deemed a waiver or impairment of any claim of privilege or protection by the Producing Party, including but not limited to the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information. If a written claim of inadvertent production is made by the Producing Party pursuant to this paragraph, with respect to information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the claiming party that information, including any material including such information, and shall destroy all copies or reproductions thereof. The party returning such material may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any

manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production nor shall it disclose the substance of the inadvertently produced material.

17B. The Producing Party is not required to provide a privilege log at the time the Producing Party produces discovery materials to another party. The Producing Party is required to provide a privilege log to the receiving party on a "rolling basis" commencing after the production of a reasonable amount of discovery material by the Producing Party. Additional privilege logs shall be provided by the Producing Party thereafter on a reasonable basis.

18. The failure of a party to designate information as "Confidential" or "Highly Confidential" at the time of its production or disclosure shall not preclude that party from later designating said information as "Confidential" or "Highly Confidential" by promptly notifying all counsel of record of such designation. Upon receipt of such written notice, the party which received the previously undesignated "Confidential" or "Highly Confidential" Produced Material shall make all reasonable efforts under the circumstances (1) to retrieve all such Produced Material disclosed to persons other than those authorized in accordance with this Stipulation and Order for access to such information; (2) to affix appropriate legends to the "Confidential" or "Highly Confidential" Produced Material, as provided herein; and (3) to prevent further use or disclosure of the information contained in the previously undesignated "Confidential" or "Highly Confidential" Produced Material by persons other than those authorized in accordance with this Stipulation and Order for access to such information.

19.    If material or information designated "Confidential" or "Highly Confidential" is disclosed by a receiving party to any person other than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosures must immediately bring all facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of such information or material.

20.    The parties hereby stipulate that this Court has jurisdiction over this Stipulation and Order for all purposes including enforcement, and that the Court's jurisdiction shall survive the termination of the underlying cause of action.

Respectfully submitted,

Dated: 4/3/06          By: _____

James D. Zirin (JZ – 9376)
Peter J. Toren (PT – 7662)
Todd Krause (TK – 0248)
Robert Nupp (RN – 5895)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Attorneys for Plaintiff

14

Dated: 4/5/06                    By: _David C. Rad_____

David C. Radulescu (DR - 9873)
Michael T. Zoppo (MZ - 8469)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

Attorneys for Defendant


Matthew D. Powers
Christopher J. Cox
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Attorneys for Defendant

## ORDER

IT IS SO ORDERED.

Date April 10 2006

_Honorable William C. Conner_
United States District Judge